concurring and dissenting.
I join in that portion of the majority’s opinion concluding that error occurred. I dissent from that portion finding the error harmful. What the Spanns ultimately received as past medical expenses, once the trial court performed its post-judgment reduction, was no more than the award that Henderson contended they were limited to. This result leads me to wonder how the error could potentially affect the outcome, when nothing of record suggests that the outcome would have differed had the trial court done what Henderson wanted.
Finally, the situation reminds me of the old adage about being careful for what you ask for because you just might get it. By winning a new trial, Henderson can fake heart in knowing that the law pronounced in Haygood was upheld. She got what she asked for. But in winning, Henderson also has afforded the Spanns the chance to receive from a second jury an overall re *308 covery greater than that awarded by the first.